## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAKIA SHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:20-cv-02327 |
| ) | |
| DEKALB FUNERAL SERVICES, INC. ) | **JURY TRIAL DEMANDED** |
| ANDREW T. CLECKLEY FUNERAL ) | |
| SERVICES, INC., and ANDREW ) | |
| T. CLECKLEY FUNERAL HOME, INC., ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT**

Nakia Shaw, by and through her below signed counsel, files this Complaint:

1. This complaint arises from the mishandling, abuse and desecration of the remains of beloved father, Steven Ceruti. Mr. Ceruti's remains were discovered among the scores of bodies that were desecrated and abandoned in a U-Haul at Andrew T. Cleckley Funeral Home – all left there to rot and decay. His remains came to this disrespectful, unimaginable end because the defendants failed to carry out their sacred, fiduciary, professional and contractual duties to shelter and safeguard Mr. Ceruti's remains and provide for their proper, legal, respectful and dignified disposition. This tragedy was not discovered until the smell from the U-Haul was so foul that passersby called the authorities.

## **PARTIES**

2. Plaintiff Nakia Shaw is a citizen and resident of Jacksonville, Florida. She is the surviving daughter and next of kin of Steven Ceruti.

3. Defendant DeKalb Funeral Services, Inc. ("DeKalb") is a New York corporation with its principal place of business at 491 DeKalb Avenue, Brooklyn, NY, 11205.

4. Defendants Andrew T. Cleckley Funeral Service, Inc. and Andrew T. Cleckley Funeral

Home, Inc. are New York Corporations with a principal place of business at 2037A Utica Avenue, Brooklyn, NY (collectively "Cleckley.")  Upon information and belief, at all relevant times, Cleckley an agent, servant and/or employee of DeKalb and was acting within the scope of its agency, servitude and/or employment.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

6. Venue is appropriate pursuant to 28 U.S.C. § 1391(b). The defendants reside in and substantial portion of the events and conduct giving rise to the violations alleged in this Complaint occurred in this District.

## FACTUAL ALLEGATIONS

7. Beloved father, Steven Ceruti passed away on March 23, 2020.

8. His surviving daughter, Nakia Shaw, met, contracted with and paid DeKalb for the sheltering, caretaking, protecting, transporting and, ultimately, the proper, dignified, lawful disposition of the remains of her father by cremation.

9. In April, DeKalb assured Nakia Shaw that it had taken her father's remains into its care, and that the remains had been transported for and provided a dignified, respectful, lawful cremation.

10. In that call, DeKalb informed Ms. Shaw that DeKalb was waiting on and would apprise her of the return of her father's ashes.

11. DeKalb Funeral Services never called again.

12. Instead, shockingly, on May 7, 2020, Nakia Shaw learned from the Medical Examiner's Office that the uncremated remains of her father were found among the many dozens of bodies found stuffed into an unrefrigerated U-Haul and stacked inside a small room at Cleckley.

## COUNT I: BREACH OF CONTRACT

13. The allegations contained in the preceding paragraphs are incorporated as if fully set forth herein.

14. Nakia Shaw entered into written and oral contracts with the DeKalb to obtain and ensure the protection and sheltering of her father's remains and, ultimately, the disposition of his remains by cremation in an individual, dignified, respectful and lawful manner.

15. DeKalb has a copy of the written contract.

16. Nakia Shaw performed all promises, covenants and conditions required on her part to be performed pursuant to the contracts.

17. Defendant DeKalb, including its agents, servants and employees, breached its contracts with Ms. Shaw by neglecting, abusing, desecrating and improperly handling, and/or causing or allowing the improper handling and abuse of the remains of her father, which Ms. Shaw had entrusted to the defendants.

18. As a direct and proximate result of the defendants' breach of contractual duties, Ms. Shaw suffered injuries and damages.

## COUNT II: BREACH OF FIDUCIARY DUTY

19. The allegations contained in the preceding paragraphs are incorporated as if fully set forth herein.

20. The defendants, including all of their agents, servants and employees, sought and undertook a fiduciary relationship with Nakia Shaw, a relationship of trust and confidence.

21. Ms. Shaw placed special trust and confidence in the defendants – entrusting the defenseless remains of her father to the defendants for service and care that would necessarily be carried out outside of her presence, and did so at a time when she was at her most vulnerable.

22. Because caring for and, ultimately, cremating remains was outside the knowledge and

skills of Ms. Shaw, she trusted, placed her confidence in and relied upon the defendants' superior knowledge and expertise.

23. Because of the circumstances, Nakia Shaw's level of trust placed in the defendants was and is a higher level of trust than normally present in the marketplace between those involved in arms-length business transactions.

24. The defendants owed Ms. Shaw fiduciary duties, including undivided and unqualified loyalty, and was required to act in good faith and in her best interests and to make truthful and complete disclosures to her, including in the selection, hiring, training, supervision and monitoring of any and all agents, employees, representatives, contractors and vendors that the defendants would use in carrying out their duties.  The defendants were forbidden from obtaining an improper advantage at the expense of Ms. Shaw.

25. The defendants breached their fiduciary duties to Nakia Shaw as described herein, including by neglecting, abusing, desecrating and improperly handling, and/or causing or allowing the improper handling and abuse of the remains of her father, which she had entrusted to the defendants.

26. As a direct and proximate result of the defendants' breach of fiduciary duty, Nakia Shaw has suffered and continues to suffer injury and damages.

## COUNT III:  MISHANDLING OF REMAINS

27. The allegations contained in the preceding paragraphs are incorporated as if fully set forth herein.

28. Nakia Shaw, as her father's next of kin, had or has a right to direct and control the handling, preservation and burial of the remains of her father, including the right of sepulcher.

29. Nakia Shaw expressed her wishes to DeKalb regarding the manner in which the remains were to be handled, cared for, preserved and, ultimately cremated and returned.

30. The defendants had the opportunity to comply with Ms. Shaw's expressed wishes,

including in its selection, hiring, training, supervision and monitoring of any and all employees, contractors and vendors the defendants would use in carrying out its duties.

31. The defendants, however, did not comply with Ms. Shaw's directives and, instead, mishandled and improperly dealt with and/or caused or allowed the mishandling of her father's remains, as described herein.

32. Through this conduct, the defendants interfered with the rights and responsibilities of Ms. Shaw, including the right of sepulcher and the right and duty to affect the proper handling and disposition of the remains with utmost dignity, in accordance with the law and their wishes, requests and beliefs.

33. As a direct, known, foreseeable and proximate result of the reckless and negligent mishandling of the remains, Nakia Shaw has suffered and continues to suffer injury and damages, including genuine and serious distress.

**COUNT IV: NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

34. The allegations contained in the preceding paragraphs are incorporated as if fully set forth herein.

35. At all material times, the defendants owed a duty to use the same degree of skill and care that others in the same profession in the community would reasonably use in the same or similar circumstances with respect to all aspects of the services promised, including in the selection, hiring, training, supervision and monitoring of any and all agents, employees, representatives, contractors and vendors the defendants would use in caring for the remains and carrying out its duties to Nakia Shaw.

36. The defendants, however, breached these duties, and failed to use the same degree of skill and care that others in the same profession in the community would reasonably use in the same or similar circumstances.

37. As a direct and foreseeable result of the defendants' acts and omissions and breach of

duties, Nakia Shaw has suffered injuries and damages, including severe emotional distress.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. The allegations contained in the preceding paragraphs are incorporated as if fully set forth herein.

39. The defendants' conduct described herein was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency. The conduct is to be regarded as atrocious, and utterly intolerable in a civilized community.

40. In its conduct, the defendants disregarded the substantial and foreseeable probability of causing injury including severe emotional distress.

41. As a direct and foreseeable result of the defendants' acts and omissions, Nakia Shaw has suffered injuries and damages, including severe emotional distress.

## COUNT VI: VIOLATION OF THE NEW YORK DECEPTIVE TRADE PRACTICES ACT
## GENERAL BUSINESS LAW § 349

42. The allegations contained in the preceding paragraphs are incorporated as if fully set forth herein.

43. The defendants' conduct was consumer oriented.

44. The defendants' conduct was misleading in a material way, including but not limited to by falsely representing that the defendants could and would properly, respectfully and lawfully care for, protect, shelter and handle the remains, and do so with the utmost dignity.

45. As a direct result of the defendants' deceptive trade practices described here, Nakia Shaw has suffered injuries and damages described herein, including damages that are distinct from the losses attributable to the defendants' breach of contract.

46. The defendants' violation of General Business Law § 349 was willful and/or knowing, entitling Ms. Shaw to treble damages, as well as reasonable attorneys' fees.

## **PUNITIVE DAMAGES**

47. The allegations contained in the preceding paragraphs are incorporated as if fully set forth herein.

48. The defendants' conduct described herein was intentional, outrageous, oppressive and in reckless and/or wanton disregard for the rights of Ms. Shaw and the serious injuries reasonably foreseeably caused by the conduct.

49. Nakia Shaw is, therefore, entitled to punitive damages from the defendants in such amount as shall be necessary and appropriate to punish the defendants and to deter them and anyone else from ever committing similar indecencies upon human remains.

## **DEMAND FOR JURY TRIAL**

A jury trial is demanded.

## **PRAYER FOR RELIEF**

WHEREFORE, the Nakia Shaw requests the following relief:

(a) An award of compensatory damages, jointly and severally against the defendants, in excess of $75,000, in a fair and reasonable amount to be determined by the jury;

(b) An award of treble damages pursuant to General Business Law § 349(h);

(c) An award of punitive damages to punish these defendants and to deter them and all others from ever engaging in such conduct again;

(d) An award of prejudgment and post-judgment interest;

(e) An award of costs, including but not limited to discretionary costs, attorneys' fees and expenses incurred in pursuing this case; and

(f) Any other and further relief to which they may be entitled at law or in equity.

Dated: New York, New York
     May 25, 2020                                        Respectfully Submitted,

**MORGAN & MORGAN**
*Attorneys for Plaintiff*

By: _/s/Amanda Peterson_
Amanda Peterson, Esq. (AP1797)
90 Broad Street, Suite 1011
New York, New York 10004
(212) 564-4568
*apeterson@forthepeople.com*